513 A.2d 1095

Deer Creek Drainage Basin Authority, a Municipal Authority, Appellant *v.* Pacoma, Inc., (Constantini) or reputed Owners or whoever may be Owners, Appellees.

Argued June 13, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*David E. Johnson, Tarasi, Tighe, Tierney & Johnson, P.C.* for appellant.

*Leonard M. Mendelson,* with him, *Andrew Rayno-vich, Hollinshead and Mendelson,* for appellees.

OPINION BY JUDGE MACPHAIL, August 7, 1986:

This is an appeal by Deer Creek Drainage Basin Authority (Authority) from an order of the Court of Common Pleas of Allegheny County granting the petition of Pacoma, Inc. (Pacoma) to strike off a municipal lien. We affirm.

The sole issue in the case involves the interpretation of Section 606 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-606.[1]

From the record we ascertain that on December 30, 1977 the Authority initiated a condemnation proceeding against Pacoma by filing a declaration of taking for the construction of a sanitary sewage collection and transportation system. A board of viewers was appointed at Pacoma's request which board awarded damages to Pacoma. At the hearing before that board, testimony was received from the Authority indicating that the Authority, pursuant to the provisions of Section 4.B(s) of the Municipal Authorities Act of 1945, Act of May 2,

---

[1] Section 606 of the Code reads as follows:

In determining the fair market value of the remaining property after a partial taking, consideration shall be given to the use to which the property condemned is to be put and the damages or benefits specially affecting the remaining property due to its proximity to the improvement for which the property was taken. Future damages and general benefits which will affect the entire community beyond the properties directly abutting the property taken shall not be considered in arriving at the after value. Special benefits to the remaining property shall in no event exceed the total damages except in such cases where the condemnor is authorized under existing law, to make special assessments for benefits.

1945, P.L. 382, *as amended,* 53 P.S. §306.B(s), determined that the front foot method of assessment of property owners for the cost of the sewer system should be utilized and that the figure of $7.00 per front foot was to be used for that purpose.

Pacoma appealed from the viewers' award. A jury trial was held and Pacoma was awarded a verdict of $45,545.00. At the trial, counsel for the Authority indicated that he was aware that the Authority was under an instruction from the court to present evidence it had with regard to benefits the Pacoma property realized as a result of the condemnation proceedings.[2] During the course of the trial, Pacoma's president was asked if the sewer line would benefit the property in any way. He replied in the negative.[3] The Authority's appraiser was asked the same question and replied, "yes sir, it is."[4] There was no elaboration on that answer and no reference made to the front foot assessment or to any other value of the benefit to the property.

No request was made by the Authority for a special charge on the matter of benefit to the Pacoma property and none was given by the trial court.

The verdict of the jury was appealed to this Court which upheld the award.[5]

On September 4, 1981 the Authority filed a municipal claim against Pacoma in the sum of $19,635.00, together with interest, because Pacoma had failed to pay its assessment based upon $7.00 per front foot. Pacoma responded with a motion to strike alleging that the special benefit to its property from the sewer system had been fully and finally litigated in the emi-

---

[2] R.R. at 104a, 105a.
[3] R.R. at 106a.
[4] R.R. at 107a.
[5] *Deer Creek Drainage Basin Authority v. Pacoma, Inc.,* 87 Pa. Commonwealth Ct. 492, 487 A.2d 1033 (1985).

nent domain proceedings hereinbefore noted. The Authority replied that an assessment on a front foot basis for the cost of the installation of the sewer system was not a "special benefit" to be included under the provisions of Section 606 of the Code and that the municipal claim against Pacoma was not duplicative of nor precluded by the jury's verdict in the eminent domain proceedings. The trial court sustained Pacoma's motion to strike.

We reject the Authority's contentions and will affirm the order of the trial court on the able and comprehensive opinion of Judge EMIL E. NARICK, filed September 5, 1985 and reported at 134 Pitt. L.J. 49 (1986).

### ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.